IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE BRICKLAYERS )
AND ALLIED CRAFTSMEN LOCAL 56 )
FRINGE BENEFIT FUND, )
) FILED: APRIL 18, 2008
) 08CV2245 EDA
Plaintiffs, ) Case No.
) JUDGE LEFKOW
v. ) Judge MAGISTRATE JUDGE ASHMAN
)
A-TECH STUCCO EIFS CO., ) Magistrate Judge
an Illinois corporation, and JOHN BAGJAS, )
individually )
Defendant. )

## COMPLAINT

Plaintiffs, by their attorneys, Donald D. Schwartz, ARNOLD AND KADJAN, complain against Defendant, A-TECH STUCCO EIFS CO., an Illinois corporation, and JOHN BAGJAS, individually as follows:

1.  (a) Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act, as amended [29 U.S.C. Section 185(a)], as more fully described below.

    (b) Jurisdiction of this cause is also based upon Section 502 of the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. Section 1132 (ERISA).

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this district where the Funds as described in Paragraph 3 are administered.

3.  (a) The Plaintiffs are the TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 PENSION, WELFARE, APPRENTICESHIP, AND INDUSTRY ADVANCEMENT FUND (the "Funds") and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1) and 29 U.S.C. Section 185(a).

1

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 (the "Union") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Union. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4. (a) A-TECH STUCCO EIFS CO., an Illinois corporation and JOHN BAGJAS, individually, ("A-TECH") is an employer engaged in the construction industry, performing bricklaying and masonry work.

(b) A-TECH is an employer engaged in an industry affecting commerce.

5. On or before May 1, 2005, Defendant, A-TECH entered into an Agreement with the Union, specifically agreeing to the collective bargaining agreement in effect, and absent timely notice of desire to amend, all subsequent collective bargaining agreements. (See Exhibit A)

6. A-TECH is bound by the terms of the Agreement, and by virtue of certain provisions contained in the collective bargaining agreements, Defendant has agreed to be bound by the Trust Agreements establishing the Funds.

7. Under the terms of the Agreement to which the Defendant is bound, it is required to make contributions on behalf of certain of their employees and, when given reasonable notice by the Funds or by their representatives, to submit their books and records to an independent public accountant for the purpose of determining whether or not they are in compliance with their obligations to contribute to the Funds.

8. Plaintiffs are advised and believe that since May 1, 2005 to the present, Defendant has failed to make some of the contributions from time to time required to be paid to the Funds pursuant to the terms of the collective bargaining agreements and trust

instruments, all of which they are bound, and all in violation of its contractual and statutory obligation.

WHEREFORE, Plaintiffs pray that:

A. That Defendant be ordered to submit the books and records of the Defendant Company to an accountant selected by Plaintiffs for the purpose of conducting a fringe benefit compliance audit for the period from May 1, 2005 to the present.

B. That Judgment be entered for Plaintiffs and against Defendant, in the amount found due by the audit conducted by Plaintiffs.

C. That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D. That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E. That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

F. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT II

1-8. Plaintiffs repeat and reallege Paragraphs 1-7 of Count I as Paragraphs 1-7 of Count II.

9. Defendant, **JOHN BAGJAS ("BAGJAS")** is, on information and belief owner and operator of Defendant, **A-TECH** and a person who resides within this court's jurisdiction.

10. **BAGJAS** co-signed and guaranteed the Installment Note entered into by **A-TECH.** (Exhibit B)

11. The Note is in default since March 15, 2008. There is an unpaid balance of **$143,981.69** on the Note payable to plaintiffs.

12. Default on the Note accelerates the entire balance due.

13. **BAGJAS** has failed to make payment despite repeated demand for payment.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, **BAGJAS** in the amount of **$143,981.69.**

                **TRUSTEES OF BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 56 FRINGE BENEFIT FUND,**

                BY:   s/Donald D. Schwartz
                        One of Plaintiffs Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN
19 West Jackson Boulevard
Chicago, Illinois 60604
(312) 236-0415

## MEMORANDUM OF UNDERSTANDING
### (DISTRICT COUNCIL PLASTERERS AGREEMENT)

IT IS HEREBY STIPULATED AND AGREED by and between

Name of Contractor __A-Tech Stucco & EIFS Co.__         please indicate

Address __29W160 Calumet Ave.__         **X** Corporation
                                            ___ Partnership
       __Warrenville, IL 60555__             ___ Sole Owner
                                             ___ Other Specify

Telephone (__630__)__393-2910__         FEIN# __20-1496173__

(the "Employer") and Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers, consisting of Local Union Nos. 20, 21 27, 56 and 74 (the "Union"), as follows:

1. The Employer hereby recognizes the Union as the sole and exclusive collective bargaining agent for all Plasterers and Apprentices employed by the Employer (the "Employees") for the purpose of establishing rates of pay, wages, fringe benefit contributions, hours of employment and other terms and conditions of employment for the Employees for work performed within the geographic jurisdiction of the Union. The Employer agrees that, upon the Union's showing or offering to show evidence that a majority of Employees authorize the Union to represent them for purposes of collective bargaining, the Employer recognizes the Union as their representative under Section 9(a) of the National Labor Relations Act.

2. The Employer agrees to be bound by the terms and conditions of employment set forth in the agreement between Local Nos. 56 and 74 and the GDCNI/CAWCC (the "Association Agreement"), except as modified by this Memorandum of Understanding. References to the "Union" in the Association Agreement shall mean the Union as defined in this Memorandum of Understanding.

3. If, as of the day following expiration of the then existing Association Agreement ("Commencement Date"), an Association Agreement is not in effect, the terms and conditions other than those relating to duration and termination, of the Association Agreement expiring immediately prior to the Commencement Date, shall establish the terms and conditions of employment for the Employees for a period of sixty days beginning with the Commencement Date, or until a new Association Agreement is effective, whichever occurs first, following which the terms and conditions set forth in the new Association Agreement, if any, shall be in full force and effect. Within thirty days of the execution date of the new Association Agreement, the Employer shall make retroactive payments to all employees for all increased wages and benefits as provided in the new Association Agreement, for work performed between the Commencement Date and the time that such new Association Agreement is effective. The Union, at its sole discretion, and at any time, may terminate this paragraph of this Memorandum of Understanding by giving the Employer written notice of such termination.

4. This Memorandum of Understanding shall remain in effect and shall be governed by

**EXHIBIT A**

Association Agreements entered into in the future and covering future time periods, unless and until it has been terminated by either party giving written notice of termination to the other no less than 60 and not more than 90 days prior to the termination date of the Association Agreement then in effect, in which event this Memorandum of Understanding shall terminate on the last day of that Association Agreement. In the event that no such timely notice is given, this Memorandum of Understanding shall remain in effect until terminated in accordance with its terms.

5.  The Employer agrees to pay the amounts of the contributions which it is bound to pay to the several fringe benefit funds described in the Association Agreement as well as to the other health and welfare and pension funds associated with Bricklayers and Allied Craftworkers Illinois Local Nos. 20, 21 27, 56 and 74, which other fringe benefit funds are deemed to be included in the list of funds in the Association Agreement and agrees to and is hereby bound by and considered to be a party to the agreements and declarations of trust creating each of said trust funds, together with any restatements or amendments thereto which have been or may be adopted, as if it had been a party to and signed the original copies of the trust instruments. The Employer ratifies and confirms the appointment of each of the employer trustees, who shall, together with their successor trustees designated in the manner provided in said agreements and declarations of trust, and, where applicable, jointly with an equal number of trustees representing employees, carry out the terms and conditions of the trust instruments.

6.  Any agreement or memorandum of understanding previously executed by the parties is hereby superseded by this Memorandum of Understanding.

Dated this __7__ day of __May__ 2005

Name of Employer: A-Tech Stucco & EIFS Co.

Contract signed by: _____ President.

Please spell Name: John Bagjas.

Illinois District Council No. 1 of the International Union of Bricklayers and Allied Craftworkers

By: _____
Union Representative

Job Location: PRE-JOB 55th ST WILLOW SPRINGS
Received By: _____

## INSTALLMENT NOTE

$192,524.23                                                                                                          December 19, 2007

For Value Received, the undersigned promises to pay to the order of_____
BRICKLAYERS LOCAL #56 PENSION and WELFARE FUNDS_____the principal sum of
ONE HUNDRED EIGHTY THOUSAND FOUR HUNDRED TWENTY FOUR and 23/100 ($180,424.23) DOLLARS

Payable in installments as follows:

EIGHTEEN THOUSAND AND 00/100 ($18,000.00)_____ Dollars
on the _____20TH_____ day of _____DECEMBER_____ 2007
TWENTY FIVE THOUSAND FIVE HUNDRED TWENTY FOUR AND 54/100 ($25,524.54) Dollars
on the _____15TH_____ day of _____JANUARY_____ 2008
FIVE THOUSAND AND 00/100 ($5,000.00)_____ Dollars
on the _15TH_ day of each month beginning on the _____15TH_____ day of _____FEBRUARY___ 2008
for 28 month(s) succeeding, and a final payment of _____
FIVE THOUSAND AND 00/100 ($5,000.00)_____ Dollars
on the _15th_ day JULY 2010 with interest on the balance of principal remaining from time to time unpaid at the rate of 10% per cent per annum, payable on the due dates for installments of principal as aforesaid.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of _18_ per cent per annum. Payments of both principal and interest shall be made at ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL 60604-3958 or such other place as the legal holder hereof may from time to time in writing appoint.

The payment of this Note is secured by a Security Agreement in the nature of a chattel mortgage, bearing even date herewith, from the undersigned to_____
on personal property_____
in the County of_____, Illinois. The undersigned's residence (chief place of business) is at _____
_____, Illinois.

At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment of principal or interest, or any portion thereof, in accordance with the terms hereof or in case of default as defined in said Security Agreement. In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

RESOLUTION OF REPORTS FOR AUGUST 2007 THROUGH NOVEMBER 2007

_____           _____
JOHN BAGJAS, INDIVIDUALLY                    A-TECH STUCCO AND EIFS
                                             29W160 CALUMET AVENUE
                                             WARRENVILLE, ILLINOIS 60555
                                             630-779-5528 (phone)

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C. 1145.

CAUTION:    Consult a lawyer before using or acting under this form. *All warranties, including merchantability and fitness, are excluded.*

5082-69

Exhibit B.

A-Tech Stucco and EIFS  5082-69  Bricklayers 56
29w160 Calumet Avenue
Warrenville, IL 60555  DDS
630-779-5528
John Bagjas

Owe: Principal $180,424.23   Interest $12,100.00   Total Due $192,524.23

$192,524.23

| DUE DATE | AMT. DUE | DATE REC. | AMT REC'D | CHECK # | BALANCE |
|---|---|---|---|---|---|
| | | | | | |
| 12/20/2007 | $18,000.00 | 12/20/2007 | 18,000.00 | to the fund | $174,524.23 |
| 1/15/2008 | $24,524.54 | 1/15/2008 | 25,542.54 | to the fund | 148,981.69 |
| 2/15/2008 | $5,000.00 | 2/18/2008 | 5,000.00 | to the fund | 143,981.69 |
| 3/15/2008 | $5,000.00 | | | | 143,981.69 |
| 4/15/2008 | $5,000.00 | | | | 143,981.69 |
| 5/15/2008 | $5,000.00 | | | | 143,981.69 |
| 6/15/2008 | $5,000.00 | | | | 143,981.69 |
| 7/15/2008 | $5,000.00 | | | | 143,981.69 |
| 8/15/2008 | $5,000.00 | | | | 143,981.69 |
| 9/15/2008 | $5,000.00 | | | | 143,981.69 |
| 10/15/2008 | $5,000.00 | | | | 143,981.69 |
| 11/15/2008 | $5,000.00 | | | | 143,981.69 |
| 12/15/2008 | $5,000.00 | | | | 143,981.69 |
| 1/15/2009 | $5,000.00 | | | | 143,981.69 |
| 2/15/2009 | $5,000.00 | | | | 143,981.69 |
| 3/15/2009 | $5,000.00 | | | | 143,981.69 |
| 4/15/2009 | $5,000.00 | | | | 143,981.69 |
| 5/15/2009 | $5,000.00 | | | | 143,981.69 |
| 6/15/2009 | $5,000.00 | | | | 143,981.69 |
| 7/15/2009 | $5,000.00 | | | | 143,981.69 |
| 8/15/2009 | $5,000.00 | | | | 143,981.69 |
| 9/15/2009 | $5,000.00 | | | | 143,981.69 |
| 10/15/2009 | $5,000.00 | | | | 143,981.69 |
| 11/15/2009 | $5,000.00 | | | | 143,981.69 |
| 12/15/2009 | $5,000.00 | | | | 143,981.69 |
| 1/15/2010 | $5,000.00 | | | | 143,981.69 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 2/15/2010 | $5,000.00 | | | | | 143,981.69 |
| 3/15/2010 | $5,000.00 | | | | | 143,981.69 |
| 4/15/2010 | $5,000.00 | | | | | 143,981.69 |
| 5/15/2010 | $5,000.00 | | | | | 143,981.69 |
| 6/15/2010 | $5,000.00 | | | | | 143,981.69 |
| 7/15/2010 | $5,000.00 | | | | | 143,981.69 |